No. 74–51. IZZI *v.* UNITED STATES. C. A. 7th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

Petitioner was convicted by a municipal court of illegal possession of a firearm. Subsequently the Federal Government became interested in the matter, and petitioner was convicted of receiving or possessing a firearm in commerce or affecting commerce. Petitioner is a previously convicted felon, which is an element of the federal offense.

I would grant certiorari in this case limited to the double jeopardy issue which is raised by petitioner's two prosecutions for the same offense. The Solicitor General argues that, because of the interstate-commerce and previously-convicted-felon elements of the federal offense, the two prosecutions did not involve the "same evidence." I am unpersuaded by this approach to the problem, since I believe that a "same transaction" standard is appropriate. See *Ashe* v. *Swenson,* 397 U. S. 436, 448–460 (1970) (BRENNAN, J., concurring). The Solicitor General also argues that the two prosecutions were permissible because they were carried out by separate sovereigns, but I do not agree with this reasoning either. See *Bartkus* v. *Illinois,* 359 U. S. 121, 150–170 (1959) (Black and BRENNAN, JJ., dissenting); *Abbate* v. *United States,* 359 U. S. 187, 196–204 (1959) (Black and BRENNAN, JJ., dissenting).

The Court of Appeals reached the merits of the double jeopardy claim here, but it did so only after noting that the claim appeared not to have been raised below. I do not believe that petitioner's failure to plead double jeopardy at trial, if indeed there was such a failure, should block consideration of that issue. Cf. *LaRuffa* v. *New*

*York, ante,* p. 959; *Blackledge* v. *Perry,* 417 U. S. 21 (1974); *Robinson* v. *Neil,* 409 U. S. 505 (1973).

Because I believe that petitioner has an arguably meritorious claim on the double jeopardy issue I think we should grant certiorari on that question and set this case for argument.